UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEN GOODMAN,

    Plaintiff,

v.                                             Case No. 1:15-cv-00013
                                            Hon. Janet T. Neff

JACK COOPER TRANSPORT, CO., and
CASSENS TRANSPORT, CO.

    Defendants.

| JONI M. FIXEL (P56712) | MARTIN C. BROOK (P55946) |
|---|---|
| FIXEL AND NYEHOLT LAW, PLLC | OGLETREE, DEAKINS, NASH, SMOAK |
| Attorneys for Plaintiff | & STEWART, PLLC |
| 4084 Okemos Road, Suite B | Attorneys for Defendant Jack Cooper |
| Okemos, Michigan 48864 | Transport, Co. |
| (517) 332-3390 | 34977 Woodward Avenue, Suite 300 |
| jfixel@fixellawoffices.com | Birmingham, Michigan 48009 |
| | (248) 593-6400 |
| | martin.brook@ogletreedeakins.com |

**DEFENDANT JACK COOPER TRANSPORT, CO.'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Defendant, Jack Cooper Transport, Co., ("Defendant"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., responds to the allegations of Plaintiff's Complaint as follows:

# VENUE

1. Plaintiff Goodman resides in the City of Lansing, County of Ingham, in the State of Michigan.

**RESPONSE:**

**In answer to Paragraph 1 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.**

2. Defendant Jack Cooper Transport Co.'s (hereinafter "JCTC") primary place of business is located at 2345 Grand Blvd. Ste. 400, in Kansas City, Missouri. They maintain multiple business locations within the State of Michigan for the purpose of engaging in commercial operations.

**RESPONSE:**

**In answer to Paragraph 2 of Plaintiff's Complaint, Defendant admits only that Plaintiff has stated the former address of its Kansas City, Missouri office, and that Defendant maintains business locations within the State of Michigan and within other states as well. In further answer, Defendant states that the proper address for its Kansas City, Missouri office is 1100 Walnut Street, Suite 2400, Kansas City, Missouri 64106.**

3. Defendant Cassens Transport Co.'s (hereinafter Defendant "CTC") primary place of business is located at 145 North Kansas Street, in the city of Edwardsville, Illinois. They maintain multiple business locations within the State of Michigan for the purpose of engaging in commercial operations.

**RESPONSE:**

**In answer to Paragraph 3 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations contained therein for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.**

4. The events in controversy largely occurred at Defendant JCTC's "Lansing Terminal", which is located at 9151 Billwood Highway, in the City of Dimondale, County of Eaton, in the State of Michigan.

**RESPONSE:**

**In answer to Paragraph 4 of Plaintiff's Complaint, Defendant admits only that Plaintiff has stated the address of its Lansing Terminal, and that Plaintiff's Complaint alleges events giving rise to an alleged cause of action which occurred in Dimondale, Michigan within the Western District of Michigan. In further answer, Defendant specifically denies as untrue any allegation or inference that it treated Plaintiff unlawfully or wrongfully; violated any federal, state or common law; or that it is liable to Plaintiff for legally cognizable damages in any amount whatsoever.**

5. The amount in controversy exceeds $75,000.00.

**RESPONSE:**

**In answer to Paragraph 5 of Plaintiff's Complaint, Defendant admits only that Plaintiff is seeking damages in excess of $75,000. In further answer, Defendant specifically denies as untrue any allegation or inference that it is liable to Plaintiff for any reason or in any amount.**

6. Jurisdiction is appropriate given the diversity of citizenship of the involved parties pursuant to 28 USC 1332(a)(1) and (c)(1).

**RESPONSE:**

**In answer to Paragraph 6 of Plaintiff's Complaint, Defendant admits only that Plaintiff has alleged that the parties to this action are citizens of different states which, if true, would vest this Court with diversity jurisdiction. Defendant is without knowledge or information sufficient to form a belief as to the citizenship of Plaintiff and Co-Defendant Cassens Transport Co. and, therefore, leaves Plaintiff to his proofs.**

## BACKGROUND FACTS

Plaintiff incorporates paragraphs 1-6 herein by reference.

**RESPONSE:**

**Defendant incorporates by reference each and every answer stated in response to paragraphs 1 through 6 as if fully set forth and repeated herein.**

7. Plaintiff Goodman began his employment with Defendant JCTC in the Wayne County area of MI on or about August 1st, 2011 as a car hauler.

**RESPONSE:**

**In answer to Paragraph 7 of Plaintiff's Complaint, Defendant admits that Plaintiff was employed by Defendant as a car hauler/driver at its Wayne Terminal beginning on August 2, 2011. Except as admitted, Defendant denies as untrue any remaining allegations or inferences in Paragraph 7 of Plaintiff's Complaint.**

8.  While working out of Defendant JCTC's Wayne County locations, he made many trips to Defendant JCTC's Lansing Terminal without incident.

**RESPONSE:**

**In answer to Paragraph 8 of Plaintiff's Complaint, Defendant admits that Plaintiff passed through the Lansing Terminal on occasion during the time that he was working out of the Wayne Terminal. Defendant neither admits nor denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint for the reason that it is without knowledge or information sufficient to form a belief as to the truth thereof.**

9.  During these trips, Plaintiff Goodman had interactions with Defendant JCTC's terminal manager, Margo Hopkins. Plaintiff Goodman had met Margo Hopkins at a prior job in 2003.

**RESPONSE:**

**In answer to Paragraph 9 of Plaintiff's Complaint, Defendant admits only that its employee, Margo Hopkins, met Plaintiff while the two worked together for a different employer around 2003. Defendant denies as untrue the remaining allegations in Paragraph 9 of Plaintiff's Complaint, and Defendant specifically denies that Hopkins interacted with Plaintiff during any trips that he made to the Lansing Terminal while working out of the Wayne Terminal.**

10. Plaintiff Goodman alleges that Margo Hopkins made some strange statements to him when he visited the Lansing Terminal, but the Plaintiff Goodman thought little of it at the time.

**RESPONSE:**

In answer to Paragraph 10 of Plaintiff's Complaint, Defendant denies as untrue the allegations contained therein.

11. Plaintiff Goodman was reassigned to Defendant JCTC's terminal located in Lansing, MI on or about September 10nd, 2012 (sic). He was transferred along with three other employees. Plaintiff Goodman was the only African-American individual transferring; the other individuals were white.

**RESPONSE:**

**In answer to Paragraph 11 of Plaintiff's Complaint, Defendant admits only that Plaintiff requested to be transferred to its Lansing Terminal sometime in August or September, 2012. Defendant specifically denies as untrue any allegation or implication that it directed Plaintiff to transfer to its Lansing Terminal. Defendant neither admits nor denies the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.**

12. Plaintiff Goodman worked at Defendant JCTC's Lansing terminal for approximately four days before being called into a meeting with Ms. Hopkins.

**RESPONSE:**

**In answer to Paragraph 12 of Plaintiff's Complaint, Defendant admits only that Plaintiff and Hopkins met in August or September, 2012, to discuss information that Plaintiff had omitted from the application for employment that he had submitted to the Wayne Terminal. Defendant neither admits nor denies the remaining allegations contained in**

**Paragraph 12 of Plaintiff's Complaint for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.**

13. Plaintiff Goodman was informed by Hopkins that he was being terminated for falsifying his application. The specific facts that were cited by Hopkins as falsified was that he had not included his employment with Defendant CTC and Leaseway as part of his work history on his application.

**RESPONSE:**

**In answer to Paragraph 13 of Plaintiff's Complaint, Defendant admits only that Plaintiff told Hopkins that he had been employed by Co-Defendant Cassens Transport Co. and by Leaseway; that this information was not included in the employment application that Plaintiff submitted to work at Defendant's Wayne Terminal; and that Plaintiff was advised by Hopkins that he was being terminated for material falsification of an employment application and for dishonesty. In further answer, Defendant specifically denies as untrue any allegation or inference that it treated Plaintiff unlawfully or wrongfully; violated any federal, state or common law; or that it is liable to Plaintiff for any reason or in any amount.**

14. Plaintiff Goodman claimed that he had left Defendant CTC off the application because of the likelihood of a bad reference, and that Leaseway was now defunct.

**RESPONSE:**

**In answer to Paragraph 14 of Plaintiff's Complaint, Defendant admits that Plaintiff told Hopkins that he had worked for Co-Defendant Cassens Transport Co. and for Leaseway;**

**that he had omitted both employers from the employment application that Plaintiff submitted to work at Defendant's Wayne Terminal. Defendant neither admits nor denies the remaining allegations contained in Paragraph 14 for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.**

15. Plaintiff Goodman further stated that he had been involved in no disciplinary incidents while employed with Defendant JCTC and that his work to this point had been considered satisfactory.

**RESPONSE:**

**In answer to Paragraph 15 of Plaintiff's Complaint, Defendant neither admits nor denies the allegations regarding what Plaintiff told Hopkins about his disciplinary and performance history while working out of Defendant's Wayne Terminal because Defendant is without knowledge or information sufficient to form a belief as to the truth thereof. In further answer, Defendant specifically denies that Plaintiff was involved in no disciplinary incidents, and had performed satisfactorily, while working out of Defendant's Wayne Terminal.**

16. Hopkins stated that she still felt that Plaintiff Goodman had lied concerning his references and terminated his employment with Defendant JCTC on or around September 14th, 2012 (the termination letter sent to the Plaintiff Goodman in the following week erroneously stated the date of termination as September 21st).

**RESPONSE:**

**In answer to Paragraph 16 of Plaintiff's Complaint, Defendant admits only that Plaintiff was discharged from employment on or around September 14, 2012 for material falsification of an employment application and for dishonesty. Defendant neither admits nor denies the remaining allegations contained in Paragraph 16 for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.**

17. Plaintiff Goodman believes that it is not Defendant JCTC's customary contractual procedure or policy to review a transferred employee's application. Further, of the three employees that Plaintiff Goodman transferred with, none were chosen to be reviewed by Ms. Hopkins in this way. They were allowed to remain employed.

**RESPONSE:**

**In answer to Paragraph 17 of Plaintiff's Complaint, Defendant admits only that there were employees who requested to be transferred to the Lansing Terminal around the time that Plaintiff made his request, and that these employees' employment applications were not reviewed by Hopkins because Hopkins did not have independent knowledge that these employees had negative prior work history. Defendant neither admits nor denies the remaining allegations contained in Paragraph 17 for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and, therefore, leaves Plaintiff to his proofs.**

18. Hopkins justified her decision to terminate Plaintiff Goodman based upon improperly furnished expired disciplinary information received from Defendant CTC.

**RESPONSE:**

**In answer to Paragraph 18 of Plaintiff's Complaint, Defendant denies as untrue the allegations contained therein.**

19. Plaintiff Goodman believes that the stated reasons given by Hopkins were only pretext for discriminatory behavior. He filed a suit thereafter through his Union and the EEOC to contest his termination.

**RESPONSE:**

**In answer to Paragraph 19 of Plaintiff's Complaint, Defendant admits only that Plaintiff's labor union challenged his discharge through the contractual labor arbitration procedure, and Plaintiff's discharge was upheld by a labor arbitration panel; and that Plaintiff filed a charge of discrimination with the EEOC concerning his discharge, and Plaintiff's charge was dismissed. Except as admitted, Defendant denies as untrue any remaining allegations or inferences in Paragraph 19 of Plaintiff's Complaint, and specifically denies that it treated Plaintiff unlawfully or wrongfully; violated any federal, state or common law; or that it is liable to Plaintiff for any reason or in any amount.**

20. The Union was unable to resolve the matter, and recommended that Plaintiff Goodman find an attorney.

**RESPONSE:**

**In answer to Paragraph 20 of Plaintiff's Complaint, Defendant admits only that Plaintiff's labor union challenged his discharge through the contractual labor arbitration procedure, and that Plaintiff's discharge was upheld by a labor arbitration panel. Defendant neither**

**admits nor denies the remaining allegations contained in Paragraph 20 for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.**

21. The EEOC issued a right-to-sue letter on behalf of Plaintiff Goodman; they also advised that he find an attorney.

**RESPONSE:**

**In answer to Paragraph 21 of Plaintiff's Complaint, Defendant admits that the EEOC issued a dismissal and notice of right-to-sue letter regarding Plaintiff's EEOC charge. Defendant neither admits nor denies the remaining allegations contained in Paragraph 21 for the reason that Defendant is without knowledge or information sufficient to form a belief as to the truth thereof.**

## COUNT ONE: VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT
## (AS TO DEFENDANTS JCTC ONLY)

Plaintiff incorporates paragraphs 1-21 herein by reference.

**RESPONSE:**

**Defendant incorporates by reference each and every answer stated in response to paragraphs 1 through 21 as if fully set forth and repeated herein.**

22. Defendant JCTC is considered an "employer" as defined in MCL 37.2101 et seq.

**RESPONSE:**

**In answer to Paragraph 22 of Plaintiff's Complaint, Defendant admits that it is an "employer" as defined under MCL 37.2101 et seq. Except as admitted, Defendant denies as untrue the remaining allegations and/or inferences in Paragraph 22 of Plaintiff's Complaint, and specifically denies that it violated any federal, state or common law; or that it is liable to Plaintiff for any reason or any amount.**

23. Plaintiff Goodman is considered an "employee" as defined by MCL 37.2201 et seq.

**RESPONSE:**

**In answer to Paragraph 23 of Plaintiff's Complaint, Defendant admits that Plaintiff is considered an "employee" as defined under MCL 37.2101 et seq. Except as admitted, Defendant denies as untrue the remaining allegations and/or inferences in Paragraph 23 of Plaintiff's Complaint, and specifically denies that it violated any federal, state or common law; or that it is liable to Plaintiff for any reason or any amount.**

24. Plaintiff Goodman's race was a determining factor in Defendant JCTC's decision to terminate his employment.

**RESPONSE:**

**In answer to Paragraph 24 of Plaintiff's Complaint, Defendant denies as untrue the allegations contained therein.**

25. Had Plaintiff Goodman been white, he would not have been terminated.

**RESPONSE:**

**In answer to Paragraph 25 of Plaintiff's Complaint, Defendant denies as untrue the allegations contained therein.**

26. Similarly situated white drivers were not reviewed by Hopkins as she did for Plaintiff Goodman.

**RESPONSE:**

**In answer to Paragraph 26 of Plaintiff's Complaint, Defendant denies as untrue the allegations contained therein.**

27. Defendant JCTC, through its terminal manager, Defendant Hopkins, was predisposed to discriminate on the basis of race and acted in accordance with that predisposition.

**RESPONSE:**

**In answer to Paragraph 27 of Plaintiff's Complaint, Defendant denies as untrue the allegations contained therein.**

28. Defendant JCTC, through its terminal manager, Margo Hopkins, treated Plaintiff differently from similarly situated white employees in the terms and conditions of employment, based on unlawful consideration of race.

**RESPONSE:**

**In answer to Paragraph 28 of Plaintiff's Complaint, Defendant denies as untrue the allegations contained therein.**

29. Defendant JCTC's actions through its terminal manager, Hopkins, were intentional in disregard for Plaintiff Goodman's rights and sensibilities.

**RESPONSE:**

**In answer to Paragraph 29 of Plaintiff's Complaint, Defendant denies as untrue the allegations contained therein.**

30. As a direct and proximate result of Defendant JCTC's unlawful actions through its terminal manager, Defendant Hopkins, Plaintiff Goodman has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

**RESPONSE:**

**In answer to Paragraph 30 of Plaintiff's Complaint, Defendant denies as untrue the allegations contained therein.**

## COUNT TWO: VIOLATION OF THE PERSONNEL RECORD REVIEW ACT
### (AS TO DEFENDANT CTC ONLY)

Plaintiff incorporates paragraphs 1-30 herein by reference.

**RESPONSE: Defendant incorporates by reference each and every answer stated in response to paragraphs 1 through 30 as if fully set forth and repeated herein.**

31. Plaintiff Goodman is considered an "employee" as defined by MCL 423.501(2)(a).

**RESPONSE:** **Paragraph 31 of Plaintiff's Complaint asserts allegations which are inapplicable to Defendant and which, therefore, do not require a response.**

32. Defendant CTC is considered an "employer" as defined by MCL 423.501(2)(b).

**RESPONSE:** **Paragraph 32 of Plaintiff's Complaint asserts allegations which are inapplicable to Defendant and which, therefore, do not require a response.**

33. The records issued by Defendant CTC to agents of Defendant JCTC are considered "personnel records" as defined by MCL 423.501(2)(c).

**RESPONSE:** **Paragraph 33 of Plaintiff's Complaint asserts allegations which are inapplicable to Defendant and which, therefore, do not require a response.**

34. Defendant CTC improperly issued Plaintiff Goodman's personnel records to Defendant JCTC in violation of MCL 423.507, which states that:

> *An employer shall review a personnel record before releasing information to a third party and, except when the release is ordered in a legal action or arbitration to a par, in that legal action or arbitration, delete disciplinary reports, letters of reprimand, or other records of disciplinary action which are more than 4 years old.*

**RESPONSE:** **Paragraph 34 of Plaintiff's Complaint asserts allegations which are inapplicable to Defendant and which, therefore, do not require a response.**

35. Further, Defendant CTC failed to issue notice to Plaintiff Goodman of the release of records pursuant to MCL 423.506.

**RESPONSE:** **Paragraph 35 of Plaintiff's Complaint asserts allegations which are inapplicable to Defendant and which, therefore, do not require a response.**

36. As a direct and proximate result of Defendant CTC's unlawful actions, Plaintiff Goodman has sustained injuries and damages including, but not limited to, loss of earnings and earning capacity; loss of career opportunities; humiliation and embarrassment; mental and emotional distress; and loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of choice.

**RESPONSE:** **Paragraph 36 of Plaintiff's Complaint asserts allegations which are inapplicable to Defendant and which, therefore, do not require a response.**

## PRAYER FOR RELIEF

WHEREFORE, Defendant, Jack Cooper Transport, Co. respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety and award Defendant, Jack Cooper Transport Co. any such other relief as the Court deems just and equitable.

Respectfully Submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC

*s/Martin C .Brook*
MARTIN C. BROOK (P55946)
Attorneys for Defendant Jack Cooper Transport, Co.
34977 Woodward Ave., Suite 300
Birmingham, MI 48009
(248) 593-6400

Dated: April 28, 2015

## DEFENDANT'S AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, Jack Cooper Transport Co. ("Defendant"), by and through its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., states for its Affirmative Defenses to Plaintiff's Complaint as follows:

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted to the extent it fails to allege each and every element of the causes of action the Plaintiff attempts to assert.

2. Plaintiff's claims are barred by the applicable statute of limitations, contractual limitations period and/or jurisdictional prerequisites.

3. Plaintiff's claims are barred by the doctrine of laches and/or unclean hands.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of release, waiver, res judicata, collateral estoppel, judicial and/or equitable estoppel.

5. All actions taken by Defendant regarding Plaintiff's employment or affecting Plaintiff were based on legitimate, non-discriminatory, non-retaliatory reasons.

6. Defendant avers that neither they nor any of Defendant Jack Cooper Transport Co.'s officers, directors, or managing agents committed any discriminatory practices or engaged in any conduct with malice or reckless indifference towards Plaintiff's protected rights.

7. To the extent Defendant discovers during the course of this action that Plaintiff engaged in any conduct that would have warranted discharge under Defendant's employment policies, Plaintiff's right to recover damages beyond the date of discovery will be cut off and Plaintiff will be prevented from obtaining reinstatement of employment under the after-acquired evidence defense.

8. Plaintiff has failed to mitigate his alleged damages.

9. Defendants reserve the right to plead, assert and rely on all affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff or otherwise through the course of discovery.

WHEREFORE, Defendant, Jack Cooper Transport, Co. respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety and award Defendant any such other relief as the Court deems just and equitable.

Respectfully Submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC

*s/Martin C .Brook*
MARTIN C. BROOK (P55946)
Attorneys for Defendant, Jack Cooper Transport, Co.
34977 Woodward Ave., Suite 300
Birmingham, MI 48009
(248) 593-6400

Dated: April 28, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

s/ *Martin C. Brook*
Martin C. Brook

21068293.1