UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEN GOODMAN,

    Plaintiff,

v.

                                         Case No. 1:15-cv-00013
                                         Hon. Janet T. Neff

JACK COOPER TRANSPORT, CO., and
CASSENS TRANSPORT, CO.

    Defendants.

---

| | |
|---|---|
| JONI M. FIXEL (P56712)<br>FIXEL AND NYEHOLT LAW, PLLC<br>Attorneys for Plaintiff<br>4084 Okemos Road, Suite B<br>Okemos, Michigan  48864<br>(517) 332-3390<br>jfixel@fixellawoffices.com | MARTIN C. BROOK (P55946)<br>CHRISTOPHER R. MIKULA (P69661)<br>OGLETREE, DEAKINS, NASH, SMOAK<br>& STEWART, PLLC<br>Attorneys for Defendant Jack Cooper<br>Transport Co.<br>34977 Woodward Avenue, Suite 300<br>Birmingham, Michigan  48009<br>(248) 593-6400<br>martin.brook@ogletreedeakins.com<br>christopher.mikula@ogletreedeakins.com |

---

**DEFENDANT JACK COOPER TRANSPORT CO.'S
BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

QUESTION PRESENTED ................................................................................................. iv

I.    INTRODUCTION ................................................................................................. 1

II.   JOINT STATEMENT OF MATERIAL FACTS ................................................. 2

III.  ADDITIONAL MATERIAL FACTS ................................................................... 2

      A.   Termination Was The Consistent And Appropriate Penalty ........................... 2

      B.   Plaintiff Violated U.S. Department Of Transportation Regulations by Intentionally
           Omitting Employers from his 10-Year Employment History Required by Jack Cooper's
           Employment Application ................................................................................. 3

      C.   Plaintiff Concedes That He Omitted From His Application Employers Whom He Had
           Worked For Within The 10-Year Disclosure Period, Yet He Still Contends That He
           Disclosed All That Was Required Of Him ........................................................ 4

      D.   Plaintiff's Race Discrimination Allegation Is Directed Solely At Margo Hopkins, Not
           Anyone Else At Jack Cooper .......................................................................... 5

IV.   STANDARD OF REVIEW ................................................................................... 5

V.    ARGUMENT ......................................................................................................... 6

      A.   Plaintiff's Race Discrimination Claim Fails As A Matter Of Law ...................... 6

           1.   *Plaintiff Lacks Direct Evidence of Discrimination* ............................... 7

           2.   *Plaintiff Cannot Show Discrimination Via Indirect Evidence.* ............... 7

V.    CONCLUSION ...................................................................................................... 13

## TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alexander v. Caresource,*
  576 F.3d 551 (6th Cir. 2009) ...............................................................................................6

*Anderson v. Liberty Lobby, Inc.,*
  477 U.S. 242 (1986)..............................................................................................................6

*Celotex Corp. v. Catrett,*
  477 U.S. 317 (1986)..............................................................................................................5

*Cox v. Ky. Dept. of Transp.,*
  53 F.3d 146 (6th Cir. 1995)...................................................................................................6

*Ercegovich v. Goodyear Tire and Rubber Co.,*
  154 F.3d 344, 352 (6th Cir. 1998) .......................................................................................9

*Jackson v. Quantex Corp.,*
  191 F.3d 647 (6th Cir. 1999) ................................................................................................7

*Lewis v. Philip Morris Inc.,*
  355 F.3d 515 (6th Cir. 2004) .........................................................................................10, 12

*McDonnell Douglas Corp. v. Green,*
  411 U.S. 792 (1973)..............................................................................................................7

*Reeves v. Sanderson Plumbing Products,*
  530 U.S. 133 (2000)..........................................................................................................8, 10

*St. Mary's Honor Center v. Hicks,*
  509 U.S. 502 (1993)............................................................................................................10

*Steward v. New Chrysler,*
  415 Fed. Appx. 632 (6th Cir. 2011).....................................................................................6

*Thomas v. Speedway SuperAmerica, LLC,*
  506 F.3d 496 (6th Cir. 2007) ................................................................................................6

*Tire and Rubber Co.,*
  154 F.3d 344 (6th Cir. 1998) ................................................................................................9

**State Cases**                                                                                                        **Page(s)**

*Damghani v. Pepsico, Inc.*,
2015 Mich. App. LEXIS 1693 (September 10, 2015) (Unpublished) (Attached
as Exhibit 1) ........................................................................................................................8

*Hazle v. Ford Motor Company*,
464 Mich. 456 (2001) ........................................................................................................7

*Lytle v Malady (on rehearing)*,
458 Mich. 153 (1998) ........................................................................................................8

*Sniecinski v. Blue Cross & Blue Shield of Michigan*,
469 Mich. 124 (2003) ........................................................................................................7

*Town v. Michigan Bell Tel. Co.*,
455 Mich. 688 (1997) ........................................................................................................9

**Federal Statutes**

49 U.S.C. App. § 2701 *et seq.*.......................................................................................................3

**State Statutes**

Commercial Motor Vehicle Safety Act of 1986 .............................................................................3

**Rules**

Fed. R. Civ. P. 56(c) ......................................................................................................................6

**Regulations**

49 C.F.R. ........................................................................................................................................3

Federal Motor Carrier Safety Regulation § 391.21(11) ...............................................................11

## QUESTION PRESENTED

1. Should summary judgment be granted when Plaintiff lacks admissible evidence to prove discrimination via either direct or indirect evidence and Defendant has articulated its legitimate non-discriminatory non-pretextual reason for discharging Plaintiff?

   Defendant Answers:  Yes

   Plaintiff Answers:  No

## I.    INTRODUCTION

When Defendant Jack Cooper Transport Company ("Jack Cooper") learned that Plaintiff Kenieth Goodman materially falsified his employment application, it terminated his employment.  Remarkably, Plaintiff has alleged that but for his race, Jack Cooper would not have terminated his employment.  As show herein, Plaintiff does not have admissible evidence to support his allegation.  Additionally, as shown herein, the undisputed evidence adduced in discovery proves that Plaintiff's allegation against Jack Cooper is in fact false – his race played no role in the decision to terminate his employment.  For these reasons, summary judgment is warranted.

Jack Cooper provides car-hauling and logistics services for automobile manufacturers, dealers, remarketers, and other commercial customers.  The commercial car-hauling industry is subject to comprehensive safety oversight by the U.S. Department of Transportation ("DOT"), including regulations which govern testing, licensing, qualifying, and employing drivers and related trucking operations.  Plaintiff worked for Jack Cooper as a Driver.

Plaintiff was hired by Jack Cooper only because he omitted prior negative employment history – namely, the fact that he was terminated by two companies in the same business as Jack Cooper.  He omitted this information to mislead Jack Cooper about his qualifications for employment and despite reading the application warning that "any omission or misstatement of material facts is grounds for…immediate discharge[…]."  Plaintiff's failure to disclose his prior discharges violated DOT  Regulations requiring drivers to disclose 10 years' prior work history and violated Article 40 of the collective bargaining agreement applicable to Jack Cooper's drivers, which lists "material falsification of an employment application" and "dishonesty" as reasons for immediate discharge.

1

## II.    JOINT STATEMENT OF MATERIAL FACTS

The parties have stipulated to a Joint Statement of Material Facts and Joint Exhibits (hereafter, "Joint Statement of Facts"), pursuant to section IV(A)(2) of the Court's Civil Guidelines and the Court's instructions at the pre-motion conference.

## III.    ADDITIONAL BACKGROUND FACTS

In addition to the undisputed material facts submitted in the parties Joint Statement of Facts, Jack Cooper also submits the following material facts which have been compiled from the sworn testimony in this matter, as well as the federal regulations which govern the commercial trucking industry.

### A.  Termination Was The Consistent And Appropriate Penalty.

Jack Cooper found that it has terminated employees who it discovered had materially falsified a Jack Cooper document. Specifically, Jack Cooper's Director of Labor Relations, Jerry Clemens, searched company records within his assigned territory for the time period 2010-2013 and found no instances where employees who had materially falsified a Jack Cooper document (including the employment application) were not terminated. (Declaration of Jerry Clemens at ¶ 5).[1] The contrary is actually true. As noted in the Joint Statement of Facts, shortly before Plaintiff's termination, Ms. Hopkins terminated a Caucasian Lansing Terminal employee for a similar violation of Article 40 of the collective bargaining agreement, which stemmed from the Caucasian employee's falsification of a vehicle examination report. (Joint Statement of Facts at ¶ 31).

---

[1] Clemens' Declaration is located at Exhibit 7 to the Joint Statement of Material Facts and Exhibits.

2

The evidence also shows that other employers covered by the same multi-employer collective bargaining agreement have terminated employees for material falsification and importantly, the Joint Arbitration Committee has consistently denied grievances challenging the terminations. (Declaration of Jerry Clemens at ¶ 5). Specifically, Mr. Clemens located three arbitration decisions which upheld terminations of employees who were determined to have falsified their employment applications. (Id. at ¶ 5).

### B. Plaintiff Violated U.S. Department Of Transportation Regulations by Intentionally Omitting Employers from his 10-Year Employment History Required by Jack Cooper's Employment Application.

Trucking companies, like Jack Cooper, and their Drivers are heavily regulated by the U.S. Department of Transportation to ensure road safety pursuant to the Commercial Motor Vehicle Safety Act of 1986 ("Safety Act"). Pursuant to the Safety Act, the Federal Motor Carrier Safety Administration ("FMCS"), an arm of the DOT and formerly a part of the Federal Highway Administration, developed and issued standards for testing, licensing, qualifying, and employing drivers and related trucking operations. These regulations are known as the Federal Motor Carrier Safety Regulations, and they provide a framework for the overall determination of a carrier's basic safety fitness and controls. *See* 49 U.S.C. App. § 2701 *et seq.*; 49 C.F.R. Parts 350-399. The FMCS Regulations include the following language regarding applications for employment:

> (11) For those drivers applying to operate a commercial motor vehicle as defined by part 383 of this subchapter, a list of the names and addresses of the applicant's employers during the 7-year period preceding the 3 years contained in paragraph (b)(10) of this section for which the applicant was an operator of a commercial motor vehicle, together with the dates of employment and the reasons for leaving such employment[]

49 C.F.R. Part 391.21. This is the Regulation that required Jack Cooper to seek, and Plaintiff to provide, all of Plaintiff's employers in the previous 10 years before his application.

3

### C. Plaintiff Concedes That He Omitted From His Application Employers Whom He Had Worked For Within The 10-Year Disclosure Period, Yet He Still Contends That He Disclosed All That Was Required Of Him.

Plaintiff admits that he omitted at least five jobs that he had held with other trucking companies within the 10-year disclosure period.  (Joint Statement of Facts at ¶¶ 8, 19, 26). Despite these admissions, Plaintiff has taken the position that he fully disclosed all that was required of him.  (Goodman Dep. at 125-129 - cited deposition pages are attached as Exhibit 2).

In explaining his reasons for feeling this way, Plaintiff has given several different and conflicting explanations, including:

- He "didn't feel like it was relevant" (Goodman Dep. at 105);

- That he did not "want to be sitting there writing that long" (Goodman Dep. at ¶127);

- He did not want to receive a "bad reference" (Complaint at ¶14);

- The employer was "defunct" (Complaint at ¶14);

- The employers that he did list on his application fulfilled his disclosure requirement, because one of these jobs "counts for more" because it was a side-job that he held while also working at other jobs (Goodman Dep. at 128).

These explanations do not excuse Plaintiff from complying with the legally-required and Jack Cooper mandated 10-Year disclosure requirement.  Had Jack Cooper known that Plaintiff had been terminated from his prior trucking positions he would not have been hired. (Declaration of William F. Schaefer at ¶ 3).[2]

---

[2] Mr. Schaefer's Declaration is located at Exhibit 9 to the Joint Statement of Material Facts and Exhibits.

### D. Plaintiff's Race Discrimination Allegation Is Directed Solely At Margo Hopkins, Not Anyone Else At Jack Cooper.

Plaintiff views Ms. Hopkins as the "culprit" in this case. (Goodman Dep. at 66). She is the only person whom Plaintiff is alleging to have exhibited racial animus. (Id.).

Ms. Hopkins is the person who inquired with the Wayne Terminal about how Plaintiff had been hired despite his negative work history. (Margo Hopkins April 28, 2015 Declaration at ¶¶ 5, 7).[3] She knew about Plaintiff's negative history because she had previously worked with Plaintiff at Leaseway and she recalled that he had been terminated. (Id.). She also knew that Plaintiff had applied to work at the Lansing Terminal but had never received an offer due to his negative work history, which he had disclosed in his prior applications to the Lansing Terminal. (Id.).

It was during the investigation that followed Ms. Hopkins' inquiry that Plaintiff's supervisor, Bill Schaefer, first learned that Plaintiff had omitted his negative work history with Cassens Transport and Leaseway. (Declaration of William F. Schaefer at ¶ 2).[4] Again, had Mr. Schaefer known that Plaintiff had been terminated by Cassens Transport and Leaseway, he would not have hired him. (Id. at ¶ 3) and when he did disclose that negative employment history in prior applications, Jack Cooper did not hire him. (Margo Hopkins April 28, 2015 Declaration at ¶ 5).

## IV.    STANDARD OF REVIEW

One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986). The

---

[3] Ms. Hopkins' April 28, 2015 Declaration is located at Exhibit 6 to the Joint Statement of Material Facts and Exhibits.

[4] Mr. Schaefer's Declaration is located at Exhibit 9 to the Joint Statement of Material Facts and Exhibits.

5

United States Court of Appeals for the Sixth Circuit has summarized the relevant legal standard for a summary judgment motion:

> Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In reviewing a motion for summary judgment, we view the evidence, all facts, and any inferences in the light most favorable to the nonmoving party. "To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact." A mere scintilla of evidence is insufficient; "there must be evidence on which the jury could reasonably find for the [non-movant]."

*Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 500-01 (6th Cir. 2007) (internal citations omitted). At this stage in the litigation, Plaintiff may no longer rely solely on his pleadings or subjective beliefs, but must come forward with probative evidence to support his claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Steward v. New Chrysler*, 415 Fed. Appx. 632 (6th Cir. 2011). Specifically, a party opposing summary judgment must show a genuine issue of material fact with evidence that will be admissible at trial. *Alexander v. Caresource*, 576 F.3d 551, 558 (6th Cir. 2009).

A motion for summary judgment based on Fed. R. Civ. P. 56(c) must be granted if the record evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his favor. *Cox v. Ky. Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

## V.    ARGUMENT

### A. Plaintiff's Race Discrimination Claim Fails As A Matter Of Law.

Plaintiff's Complaint contains a single count against Jack Cooper – alleging race discrimination in violation of Michigan law. Claims of discrimination brought pursuant to the Michigan law are analyzed under the same evidentiary framework as similar claims brought

6

under Title VII, and Michigan courts follow federal civil rights case law to interpret them. *Jackson v. Quantex Corp.*, 191 F.3d 647, 658 (6th Cir. 1999); *see e.g., Sniecinski v. Blue Cross & Blue Shield of Michigan*, 469 Mich. 124 (2003). Therefore, Plaintiff must show either direct evidence of discrimination or establish discrimination indirectly, via the burden-shifting paradigm established by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

### 1. *Plaintiff Lacks Direct Evidence of Discrimination.*

Proof of discriminatory treatment may be established by direct or indirect circumstantial evidence. *Hazle v. Ford Motor Company*, 464 Mich. 456 (2001). Direct evidence is that which "if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Id.* at 462. Here, Margo Hopkins is the only person whom Plaintiff is alleging to have exhibited racial animus. (Goodman Dep. at 66). Plaintiff admits, however, that Hopkins never said anything negative to him about African Americans, or to anyone else as far as he knows. (Joint Statement of Facts at ¶ 27). As such, Plaintiff's allegations of race discrimination are circumstantial only, and Plaintiff must proceed under the under the burden shifting paradigm established by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

### 2. *Plaintiff Cannot Show Discrimination Via Indirect Evidence.*

To proceed utilizing the *McDonnell Douglas* burden-shifting paradigm, Plaintiff must first establish a *prima facie* case. Specifically, Plaintiff must show (1) he was a member of a protected group; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) he was treated differently than similarly-situated employees who were outside the protected group for the same or similar conduct. *McDonald Douglas, supra*; Hazle, *supra* at

7

456. Plaintiff cannot meet the second or fourth element of his *prima facie* case because he was not qualified for the car-hauler position, and because he was not treated differently than any similarly situated employee.

Assuming *arguendo* that Plaintiff is able to establish a *prima facie* case for race discrimination, the burden shifts to Jack Cooper to articulate a legitimate, non-discriminatory reason for the adverse employment decision. *Lytle v Malady (on rehearing),* 458 Mich. 153, 173 (1998). Once Jack Cooper has done so, Plaintiff's claim fails unless Plaintiff can establish pretext by showing, through admissible evidence, both that Jack Cooper's stated reason is false **and** that discrimination was the true reason for its actions. *Reeves v. Sanderson Plumbing Products*, 530 U.S. 133 (2000); *Lytle, supra* at 174. Plaintiff's case again runs into a road-block at this stage of the analysis, because he cannot establish that Jack Cooper's reason for terminating him – failure to disclose prior negative employment actions on his employment application – was untrue and that the true reason was discrimination.

> *a. Plaintiff cannot meet his prima facie case.*
>
> > i. Plaintiff was not qualified to be a car-hauler and he would not have been hired if he had honestly completed his job application.

In order to satisfy the second element of his *prima facie* case, Plaintiff must show that he was qualified for the job. In order to do so, Plaintiff "must show that his job performance was sufficient so as to eliminate the possibility that inadequate job performance caused the plaintiff's termination." *Damghani v. Pepsico, Inc.*, 2015 Mich. App. LEXIS 1693 at *9 (September 10, 2015) (Unpublished) (Attached as Exhibit 1). But, Plaintiff cannot meet this burden by hiding the facts that would have revealed that he was actually ineligible for hire at the onset.

8

Here, Plaintiff admitted that he intentionally omitted negative work history, despite knowing that the DOT regulations required him to disclose this information, because he was concerned about getting a negative reference. (Joint Statement of Facts at ¶¶ 5, 8; Complaint at ¶14). Plaintiff clearly was not qualified for the position because did not meet the minimum baseline requirement regulatory requirement, applicable to all car-hauler applicants at all trucking companies, to disclose his prior 10 years of work history. This is even more evident in light of the fact that when Plaintiff did previously apply to Jack Cooper he was rejected due to his negative record as a car-hauler at Cassens Transport and Leaseway. (Margo Hopkins April 28, 2015 Declaration at ¶ 5).

The undisputed fact is that had Plaintiff disclosed his negative employment history to Jack Cooper in his January 2011 application, like he did previously, he would have been deemed unqualified for hire at Jack Cooper. (Declaration of William F. Schaefer at ¶ 3). The fact that he performed the job is not relevant to determination of his qualification. It is not relevant because to rule that Plaintiff was qualified in this factual situation will equate to turning a blind eye to the DOT regulatory requirements placed on drivers to disclose their work history, reward Plaintiff for his dishonesty and validate his strategy to get hired by submitting a false employment application.

### ii. Plaintiff was not treated differently than similarly-situated employees.

In order to satisfy the fourth element of his *prima facie* case, Plaintiff must show that his employment situation was nearly identical to the identified co-worker in all relevant respects. *Town v. Michigan Bell Tel. Co.*, 455 Mich. 688, 699-700 (1997); *Ercegovich v. Good year Tire and Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998). Plaintiff has not identified any person at

Jack Cooper's Lansing Terminal who falsified his or her employment application and remains employed. (Joint Statement of Facts at ¶ 30). The contrary is actually true. Shortly before Plaintiff's termination, Ms. Hopkins terminated a Caucasian Lansing Terminal employee for a similar violation of Article 40 of the collective bargaining agreement, which stemmed from the Caucasian employee's falsification of a vehicle examination report. (Joint Statement of Facts at ¶ 31). Further, other trucking companies that are parties to the multi-employer collective bargaining agreement have also discharged employees for identical conduct to that of Plaintiff, and those terminations were consistently upheld by the Joint Arbitration Committee. (Declaration of Jerry Clemens at ¶ 5).

Because Plaintiff's own testimony and the undisputed facts show that Plaintiff was unqualified for hire and was treated no differently than other similarly situated employees, he cannot establish his *prima facie* case and summary judgment is appropriate.

> b. *The undisputed facts establish Jack Cooper's legitimate and non-discriminatory reason and Plaintiff cannot show this is a pretext for discrimination.*

There is no admissible evidence to support Plaintiff's discrimination allegation. At the summary judgment phase, subjective beliefs, labels, allegations and factually unsupported claims are not sufficient to survive summary judgment. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 507 (1993). Further, it is not enough to disbelieve the employer; there must be a finding of intentional discrimination. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 146-147 (2000); *see also Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) (to defeat summary judgment, the opponent must point to sufficient probative evidence that would permit a finding in her favor on more than "mere speculation, conjecture, or fantasy").

10

Jack Cooper has presented its legitimate non-discriminatory reason for terminating Plaintiff – dishonesty and material falsification of his employment application. (Joint Statement of Facts at ¶ 2). Plaintiff read and was aware of the language in the application which specifically required him to disclose prior employment for at least 10 years, yet he failed to comply with this provision by omitting five employers that he worked for during this time period, including two employers – Leaseway and Cassens Transport – where he had worked as a car-hauler and had been involuntarily terminated. (Id. at ¶¶ 7, 8, 19, 26). Plaintiff admits to knowing that the DOT's 10-year disclosure requirement applied to the Jack Cooper car-hauler position, and he also admits that he signed a "Driver's Certificate of Compliance" in which he certified that he would comply with the 10-year disclosure requirement. (Id. at ¶¶ 5, 6). Further, by signing his Jack Cooper application, Plaintiff certified his understanding and agreement that "any omission or misstatement of material facts is grounds for…immediate discharge if I am employed; regardless of the time elapsed before discovery." (Id. at ¶ 7).

Having been caught red-handed with extensive omissions from his employment application and his refusal to comply with Federal Motor Carrier Safety Regulation §391.21(11), Plaintiff has, at last count, offered no fewer than five different explanations for his actions. In his Complaint, he stated that he omitted Cassens Transport from his application because of the likelihood of a bad reference, and that he omitted Leaseway because they were "defunct." (Complaint at ¶14). Then, at his deposition, he changed his story regarding Leaseway, stating that he omitted Leaseway because he "didn't feel like it was relevant to put them on there." (Goodman Dep. at 105). Another astonishing explanation that Plaintiff gave was that he did not "want to be sitting there writing that long." (Goodman Dep. at 127). Finally, also at his deposition, he offered the truly fantastical explanation that one of the employers that he had

11

disclosed "counts for more" because it was a side-job that he held while also working at other jobs (Goodman Dep. at 125-129). Even if any of these explanations are credited (which they should not be), they do not at all support Plaintiff's claim that race was a factor in his discharge.[5]

Plaintiff's shifting explanations clearly put his discrimination allegations into the category of "mere speculation, conjecture, or fantasy," especially in the face of the unambiguous FMCS regulation which requires disclosure of the preceding 10 years of employment where an applicant has worked as an operator of a commercial motor vehicle. *See Lewis, supra* at 533.

There is simply no admissible evidence that Jack Cooper's reason for terminating Plaintiff is false, let alone that it is a pretext for discrimination. Defendant anticipates that Plaintiff will try to establish pretext by comparing himself to two Caucasian employees that transferred into the Lansing Terminal at the same time as Plaintiff – asserting that Jack Cooper did not investigate their employment applications. This comparison is a *red herring* for several reasons. First, Plaintiff has no admissible evidence regarding what, if any investigation was undertaken as to these employees. Second, Plaintiff admits that the other transferring employees they did not also work at Leaseway -- the reason that Margo Hopkins recognized Plaintiff and suspected that he falsified his employment application. (Joint Statement of Facts at ¶ 28). Third, Plaintiff admits he has no admissible evidence that Jack Cooper knows they materially falsified their employment applications but chose to continue their employment. (Joint Statement of Facts at ¶¶ 29-30).

Accordingly, summary judgment of Plaintiff's race discrimination claim is warranted.

---

[5] Importantly, Plaintiff's excuses were rejected at his arbitration and his termination was upheld as supported by just cause. (Joint Statement of Facts at ¶ 25).

## V.    CONCLUSION

For all these reasons, based on the pleadings, Plaintiff's deposition admissions, and the undisputed record in this case, Jack Cooper Transport Co. respectfully requests that the Court enter an Order granting its Motion for Summary Judgment and dismiss Plaintiff's Complaint with prejudice.

Respectfully Submitted,

*s/ Martin C. Brook*
MARTIN C. BROOK (P55946)
CHRISTOPHER R. MIKULA (P69661)
OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, PLLC
Attorneys for Defendant Jack Cooper
Transport Co.
34977 Woodward Avenue, Suite 300
Birmingham, Michigan  48009
(248) 593-6400
martin.brook@ogletreedeakins.com
christopher.mikula@ogletreedeakins.com

Dated: October 13, 2015

22652633.1

13