UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KEN GOODMAN,

              Plaintiff,                               Case No. 1:15-cv-13

v.                                              HON. JANET T. NEFF

JACK COOPER TRANSPORT, CO.,

              Defendant.

_____/


## OPINION AND ORDER

Now pending before the Court in this diversity case is Defendant's Motion for Summary Judgment (Dkt 32). Plaintiff filed a response to Defendant's motion (Dkt 35), and Defendant filed a reply (Dkt 34). Having conducted a Pre-Motion Conference in this matter and having fully considered the parties' written briefs, stipulated statements of fact and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the Court concludes that Defendant's motion is properly granted.

## I. BACKGROUND

Defendant Jack Cooper Transport Company (Defendant) is a company in the business of transporting vehicles for its customers between production facilities and car dealerships as well as other locations (JSF[1] ¶ 1). Defendant has truck terminals in locations around the United States (*id.*). The two terminals relevant to this matter are its Wayne Terminal and the Lansing Terminal (*id.*).

---

[1]The parties stipulated and agreed to a joint statement of uncontested material facts related to Defendant's motion (Dkt 33, J. Statement of Facts [JSF]).

The parties agree that as a company in the trucking business, Defendant is governed by the requirements of the Commercial Motor Vehicle Safety Act ("the Act") (*id.*).

On January 5, 2011, Plaintiff submitted an application to the Wayne Terminal for employment with Defendant (JSF ¶ 4). Plaintiff was aware that the driver position with Defendant was subject to the requirements of the Act (*id.* ¶ 5). Indeed, Plaintiff signed a "Drivers Certificate of Compliance" with the provisions of the Act (*id.* ¶ 6). The "Drivers Certificate of Compliance" included the following requirement relevant to resolution of this case: "Any person applying for a job as a commercial vehicle driver must inform the prospective employer of all previous employment as the driver of a commercial vehicle for the past 10 years ...." (*id.*). The employment application similarly directed individuals to provide their "Employment Record" for a "minimum: Last 10 years" (*id.* ¶ 22). The application further indicated that "any omission or misstatement of material facts is grounds for rejections of this application or for immediate discharge if I am employed, regardless of the time elapsed before discovery" (*id.* ¶ 7). Plaintiff recalls reading this provision on the application (*id.*).

At the time Plaintiff completed his application for employment with Defendant, he recalled his prior employment and involuntary termination from Leaseway and Cassens Transport, but he did not identify these employers or his terminations on his application (JSF ¶ 8). Indeed, Plaintiff concedes that on his employment application to Defendant, he did not list all of his employment in the 10 years prior to the date he completed the application on January 5, 2011 (*id.* ¶ 19).

Bill Schaefer, the Wayne Terminal Manager, hired Plaintiff on August 2, 2011 (JSF ¶ 9). A collective bargaining agreement covered the terms and conditions of Plaintiff's employment with

Defendant (*id.* ¶ 12).  The collective bargaining agreement applicable to Plaintiff's employment provides that falsifying an employment application is grounds for immediate discharge, as follows:

## ARTICLE 40.

## DISCHARGE OR SUSPENSION

... [N]o warning notice need be given to an employee before he is discharged if the cause of such discharge is dishonesty or drunkenness ... or, for employees hired after June 1, 1985, material falsification of an employment application.

(*id.* ¶ 21).

On September 10, 2012, Plaintiff submitted a request to transfer from the Wayne Terminal to the Lansing Terminal (JSF ¶ 13).  Margo Hopkins, then Defendant's Acting Lansing Terminal Manager, received the notice (*id.* ¶ 10, 15-16).  Hopkins knew Plaintiff from when they worked together at Leaseway, although she did not know until receiving the transfer request that he was working for Defendant (*id.* ¶¶ 15-16).  Hopkins knew that Plaintiff had been terminated from Leaseway (*id.* ¶ 16).  She also knew that Plaintiff had negative employment history with Cassens Transport (*id.* ¶ 17).  Hopkins contacted Schaefer to inquire about hiring an individual with a record of being twice terminated from other trucking companies (*id.* ¶ 18).  Schaefer responded that he did not know these facts and would review Plaintiff's employment application to see what Plaintiff disclosed (*id.*).

Hopkins subsequently met with Plaintiff about possible material falsification of his employment application because he did not list Leaseway or Cassens Transport (JSF ¶ 20).  In his Complaint, Plaintiff alleges that he omitted Cassens Transport from his employment history because of the likelihood of a bad reference and because Leaseway was now defunct (*id.*).  At his deposition, Plaintiff testified both that he did not say those reasons and that he does not recall what he said when

Hopkins interviewed him about the possible falsification (*id.*). During his deposition, Plaintiff admitted to omitting from his application additional employers where he had worked in the previous ten years, namely CM Trucking, Comprehensive Logistics, and Stateway Transportation (*id.* ¶ 26).

Jerry Clemens, then Defendant's Director of Labor Relations, recommended to Hopkins that Plaintiff be discharged for material falsification of his employment application (JSF ¶¶ 11, 23). Based upon Clemens' recommendation, Hopkins terminated Plaintiff's employment on or about September 14, 2012 for dishonesty and material falsification of his employment application (*id.* ¶¶ 2, 24). Plaintiff subsequently filed a grievance with his union concerning his termination, which Defendant denied, as did the Joint Arbitration Committee (JSF ¶ 25).

Plaintiff, an African American, admits that Hopkins has never said anything negative about African Americans to him or to anyone else, as far as Plaintiff knows (JSF ¶ 27). Plaintiff does not have evidence that Hopkins knew or suspected that any of the individuals that transferred to the Lansing Terminal at the same time as Plaintiff may have falsified their employment applications (*id.* ¶ 28). Hopkins is not aware of another employee at the Lansing Terminal who materially falsified his or her employment application (*id.* ¶ 29). Plaintiff does not have evidence of any employee at the Lansing Terminal who falsified his or her application and remains employed by Jack Cooper (*id.* ¶ 30). Nor does Plaintiff have evidence that Hopkins is aware that another employee falsified his or her application (*id.*). Further, the parties agree that on August 15, 2012, Hopkins terminated a Caucasian employee at Defendant's Lansing Terminal for dishonesty because the employee altered a "Driver Vehicle Examination Report" to remove a citation he was given by a Michigan officer (*id.* ¶ 31).

On January 6, 2015, Plaintiff initiated this diversity case, alleging against Defendant a violation of Michigan's Elliot-Larsen Civil Rights Act (ELCRA), MICH. COMP. LAWS § 37.2101 *et seq.* (Dkt 1).[2]  Following a Pre-Motion Conference in September 2015, the Court permitted the parties to proceed with briefing Defendant's proposed motion for summary judgment.  The parties filed their motion papers in November 2015 (Dkts 32-35).   The motion is now ripe for decision.

## II.  ANALYSIS

### A.  Motion Standard

A motion for summary judgment is properly granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  In considering a motion for summary judgment, the court must draw all reasonable inferences in favor of the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).

### B.  Discussion

Michigan's ELCRA prohibits "discriminat[ing] against an individual with respect to employment, compensation, or a term, condition, or privilege of employment, because of . . . race. . . . "  MICH. COMP. LAWS § 37.2202(1)(a).  "Cases brought pursuant to the ELCRA are analyzed under the same evidentiary framework used in Title VII cases."  *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 652-53 (6th Cir. 2012) (quoting *In re Rodriguez*, 487 F.3d 1001, 1007 (6th Cir.

___

[2]Plaintiff also initially named Cassens Transport Company as a defendant in this case but subsequently stipulated to its dismissal (Dkt 20).

2007)); *see also Sniecinski v. Blue Cross & Blue Shield of Mich.*, 666 N.W.2d 186, 193 (Mich. 2003).

"'The ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination.'" *Geiger v. Tower Automotive,* 579 F.3d 614, 620 (6th Cir. 2009) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000)). A race discrimination claim may be proved through either direct or circumstantial evidence. *Brewer v. New Era, Inc.*, 564 F. App'x 834, 841 (6th Cir. 2014); *Heike v. Guevara*, 519 F. App'x 911, 919 (6th Cir. 2013). Direct evidence is that which "if believed, requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Hazle v. Ford Motor Co.*, 628 N.W.2d 515, 520 (Mich. 2001). Alternatively, in order to survive summary judgment on a claim of race discrimination using circumstantial evidence, a plaintiff must produce evidence sufficient to meet his prima facie burden under the test initially developed in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See also Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981) (clarifying the *McDonnell Douglas* burden-shifting framework).

Once a plaintiff satisfies his prima facie burden, the burden of production shifts to the employer to articulate a legitimate nondiscriminatory reason for the adverse employment action. *Arnold v. City of Columbus*, 515 F. App'x 524, 530 (6th Cir. 2013); *Upshaw v. Ford Motor Co.*, 576 F.3d 576, 584 (6th Cir. 2009). After the defendant raises a legitimate nondiscriminatory reason, "the factual inquiry proceeds to a new level of specificity." *Burdine*, 450 U.S. at 255. Specifically, the plaintiff must prove by a preponderance of the evidence that the reasons offered by the employer were pretextual. *Upshaw*, 576 F.3d at 584. Throughout this burden-shifting process, "the ultimate

burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." *Id.* (quoting *DiCarlo v. Potter*, 358 F.3d 408, 415 (6th Cir. 2004)).

## 1.    Prima Facie Case

### a.    *Direct Evidence*

Plaintiff does not argue that there is direct evidence supporting his ELCRA race discrimination claim. The Court notes that Plaintiff admits that Hopkins, the only person whom Plaintiff is alleging to have exhibited racial animus, never said anything negative about African Americans to him, or to anyone else, as far as he knows (JSF ¶ 27).

### b.    *Circumstantial Evidence*

Because Plaintiff relies on circumstantial evidence to establish his ELCRA discrimination claim, he must satisfy the *McDonnell Douglas* burden-shifting framework. Specifically, a plaintiff with a discrimination claim based on circumstantial evidence must demonstrate that (1) the plaintiff was a member of a protected group; (2) he was qualified for the job; (3) he suffered an adverse employment action; and (4) he was treated differently from imilarly-situated employees who were outside the protected group for the same or similar conduct. *McDonald Douglas, supra*; *Hazle*, *supra.*

Defendant does not dispute that Plaintiff is a member of a protected class or that he suffered an adverse employment action. Defendant focuses on the second and fourth elements of Plaintiff's prima facie case, arguing that Plaintiff was not qualified for the car-hauler position and was not treated differently from any similarly situated employee (Def. Br., Dkt 32-1 at PageID.145).

In response, Plaintiff argues as a threshold matter that rather than having to meet the *McDonnell-Douglas* factors, he "instead only has to show that he suffered an adverse action, and that his race was a motivating factor" (Pl. Resp., Dkt 35 at PageID.264-265, citing *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 400 (6th Cir. 2008)). Alternatively, Plaintiff argues as to the second element of his prima facie case that Defendant's argument that he is unqualified for the position "ignores the other, completely valid prior job experiences and qualifications that Plaintiff did disclose" and that his manager took no action against him despite being aware of his "full work history" (*id.* at PageID.265). As to the fourth element, Plaintiff argues that the termination of the Caucasian employee is only "superficially" similar to his termination in that both involve "dishonesty" (*id.*). According to Plaintiff, the timing of the investigations and the motives for the investigations differ (*id.*).

Plaintiff's arguments lack merit.

As Defendant points out in reply, without direct evidence, Plaintiff cannot proceed under a mixed-motive analysis (Def. Reply, Dkt 34 at PageID.243). The *White* opinion upon which Plaintiff relies addresses federal "mixed-motive" claims alleged under 42 U.S.C. § 2000e-2(m) of Title VII, not the ELCRA, which is the only claim that Plaintiff alleged in this case. Michigan courts continue to require that mixed-motive cases under ELCRA be established by direct evidence. *See Ondricko*, 689 F.3d at 653 (citing cases therein). Therefore, in order to survive summary judgment on his ELCRA race discrimination claim, Plaintiff must satisfy the *McDonnell Douglas* burden-shifting framework based on a single-motive theory.

Turning then to the second element of the *McDonnell Douglas* burden-shifting framework, the Court agrees that Plaintiff has not demonstrated that he is qualified for the position where he did

not meet the minimum objective qualifications for employment in his field, specifically, the regulatory requirement applicable to all car-hauler applicants at all trucking companies to disclose the prior ten years of work history. Plaintiff admitted that he intentionally omitted negative work history, despite knowing that the regulations required him to disclose this information. Plaintiff's reliance on his post-hiring performance is irrelevant to the analysis. The Court agrees that Plaintiff has also failed to meet his burden as to the fourth element, given that Plaintiff has not identified any similarly situated person at the Lansing Terminal who was treated differently. In sum, the Court agrees that Plaintiff has not satisfied his prima facie burden. The Court need not proceed further in its analysis; however, in the interest of completeness, the Court turns briefly to the second and third stages of the *McDonnell Douglas* analysis.

## 2.    Legitimate Non-Discriminatory Reason

Even assuming Plaintiff satisfied his prima facie burden, Defendant has also supplied a legitimate non-discriminatory reason for terminating Plaintiff, to wit: Plaintiff's "dishonesty and material falsification of his employment application" (Def. Br., Dkt 32-1 at PageID.148). Plaintiff admits he knew of the 10-year disclosure requirement and, in fact, certified his understanding and agreement that "any omission or misstatement of material facts is grounds for ... immediate discharge if I am employed; regardless of the time elapsed before discovery" (JSF ¶ 7).

## 3.    Pretext

The burden thus shifts back to Plaintiff to produce enough evidence to allow a reasonable jury to infer that Defendant's proffered reason is pretextual and that the adverse employment decision was taken because of Plaintiff's race. "A plaintiff can refute the legitimate, nondiscriminatory reason that an employer offers to justify an adverse employment action 'by

showing that the proffered reason (1) has no basis in fact, (2) did not actually motivate the defendant's challenged conduct, or (3) was insufficient to warrant the challenged conduct.'" *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 576 (6th Cir. 2003) (quoting *Dews v. A.B. Dick Co.*, 231 F.3d 1016, 1021 (6th Cir. 2000)); *see also Martinez v. Cracker Barrel Old Country Store, Inc.*, 703 F.3d 911, 915 (6th Cir. 2013). In other words, Plaintiff must "produce sufficient evidence from which the jury could reasonably reject the defendant's explanation and infer that the defendants ... did not honestly believe in the proffered non-discriminatory reason for its adverse employment action." *Back v. Nestle USA, Inc.*, 694 F.3d 571, 579 (6th Cir. 2012) (quoting *Braithwaite v. The Timken Co.*, 258 F.3d 488, 493-94 (6th Cir. 2001)).

As Defendant points out in reply (Def. Reply, Dkt 34 at PageID.248), Plaintiff points to no evidence of pretext in his response to Defendant's motion. Additionally, Plaintiff's mere skepticism regarding the truth of Defendant's explanation for its termination decision does not raise a triable issue as to pretext. "Courts have repeatedly held that the plaintiff's denial of the defendant's articulated legitimate reason without producing substantiation for the denial is insufficient for a race discrimination claim to withstand a motion for summary judgment." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 584 (6th Cir. 1992).

## 4.    Conclusion

To survive a motion for summary judgment, a plaintiff need only produce enough evidence to support a prima facie case and to rebut, but not to disprove, a defendant's proffered rationale. *Carter v. Toyota Tsusho Am., Inc.*, 529 F. App'x 601, 610 (6th Cir. 2013); *Griffin v. Finkbeiner*, 689 F.3d 584, 592 (6th Cir. 2012). Plaintiff lacks admissible evidence, either direct or circumstantial, from which discrimination could be inferred. Even assuming, for the sake of argument, that Plaintiff

produced enough evidence to support a prima facie case, Defendant articulated a legitimate non-discriminatory reason for discharging Plaintiff, and Plaintiff wholly failed to create a triable issue on pretext. In sum, Defendant is entitled to summary judgment. Because this Opinion and Order resolves the last pending claim in this matter, a corresponding Judgment will also enter.

Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Dkt 32) is GRANTED.


DATED: March 28, 2016                           /s/ Janet T. Neff
                                              _____
                                              JANET T. NEFF
                                              United States District Judge

11